Sean J. Riddell, OSB #013943
Email: sean.riddell@live.com
1300 SE Stark St. Suite 208
Portland, OR 97214
Phone: 971-219-8453
　　　Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| MICHAEL SHUBIN, | Case No. 6:15-CV-289 |
| Plaintiff, | COMPLAINT |
| vs. | 42 U.S.C § 1983 CIVIL RIGHTS VIOLATIONS; and 4th AMENDMENT VIOLATIONS |
| REEDSPORT POLICE OFFICER A. GARDNER, in his individual capacity; REEDSPORT POLICE OFFICER JON HOLDER, in his individual capacity; REEDSPORT POLICE OFFICER RYAN FUAVER; in his individual capacity and the CITY OF REEDSPORT, a municipality, incorporated in the State of Oregon | DEMAND FOR JURY TRIAL $300,000.00 or an amount to be proven at trial |
| Defendants. | |

1.

This is a civil rights action brought by Michael Shubin ("Plaintiff")

2.

Plaintiff alleges that during, and/or because of his unlawful arrest, detention and seizure on or about March 18, 2013, and Defendant Fauver's unlawful seizure and use of excessive force of Plaintiff on or about January 20, 2014, the above captioned individual Defendants and the City of Reedsport: (a) violated Title 1983 of the Civil Rights Act, 42 U.S. C. §1983, through violations of civil rights guaranteed by the substantive and procedural components of the U.S.

COMPLAINT – DEMAND FOR A JURY TRIAL
P a g e | 1

and Oregon Constitutions; (b) the City of Reedsport is liable for violating Title 1983 of the Civil Rights Act, 42 U.S.C. §1983, through establishing a pattern or policy of civil rights violations by ratifying a subordinate's unconstitutional actions pursuant to *Monell v. Department of Social Services,* 436 US 658 (1978) and *Adickes v. Kress*, 398 US 144 (1970).

3.

Plaintiff seeks compensatory damages, punitive damages against all Defendants in his individual capacity, and attorney's fees and costs.

4.

This civil action arises under the Constitution and laws of the United States, and therefore this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

5.

The actions giving rise to this complaint took place in the City of Reedsport, Douglas County, Oregon.

6.

Plaintiff was and is a resident of Oregon at all times material to this case.

7.

Defendant City of Reedsport ("The City") is a municipality, incorporated under the laws of the State of Oregon, and responsible under state law for the acts and omissions of its employees and officials, including those whose conduct is at issue herein. The City is responsible for the constitutional violations at issue in this case because a final policymaker ratified a subordinate's unconstitutional actions.

///

COMPLAINT – DEMAND FOR A JURY TRIAL
P a g e | 2
SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

8.

At all material times herein, Defendants A. Gardner, Jon Holder, Ryan Fauver ("Defendant Gardner", "Defendant Holder", "Defendant Fauver") were Reedsport Police Officers acting within the course and scope of their employment and are being sued in their individual capacity as such. Defendants carried out the actions complained of in their individual capacity, under the color of state law, and in the course and scope of his employment and duties as an employee of the City of Reedsport Police Department.

9.

Plaintiff began his law enforcement career in 1972 with the United States Air Force as a Law Enforcement Specialist. Plaintiff completed his military service with a Honorable Discharge in 1976. Plaintiff transferred into civilian law enforcement with the West Covina Police Department. While with the West Covina Police Department Plaintiff served as a Patrol Officer, Police Corporal, Field Training Officer, Field Supervisor and Senior Patrolman. Plaintiff accepted a promotion to Sergeant with the Atascadero Police Department in 1980, where he served as a Watch Commander and Field Supervisor. Plaintiff left the Atascadero Police Department in 1983 and accepted a position with Persky and Associates as a security and protection consultant. Plaintiff returned to law enforcement in 1986 with the West Covina Police Department and then departed in 1988 to serve as a Special Agent with the California Department of Justice. He served with California Department of Justice until 1998. Plaintiff worked with several private investigation and security corporations until he retired to Oregon in 2006.

///

COMPLAINT – DEMAND FOR A JURY TRIAL

P a g e | 3

SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

10.

During Plaintiff's law enforcement career he earned certifications and completed training in, but not limited to, the following subject areas: Advanced Officer Certification; Police Supervisor Certification; Police Management Certification; Firearms Instructor; Field Training Officer; Narcotic Manufacturing; Narcotic Detection; and a Bachelors of Science Degree in Sociology from California State University.

11.

On or about February 16, 2013 Plaintiff attended the Confluence Festival in Reedsport, Oregon. While at the festival officers employed by the Reedsport Police Department contacted Plaintiff. During the contact Defendant Holder served as a cover officer for Reedsport Police Sergeant Tom Beck. There is sufficient information and belief to allege that, for some unknown reason and contrary to Reedsport Police Department policy and Defendant Holder's training, Defendant Holder upholstered his service firearm and pointed his weapon at Plaintiff. Plaintiff was unarmed while attending the Confluence Festival and did not possess a physical danger to anyone present at the festival. Plaintiff repeatedly asked Defendant Holder to lower and a holstered his service firearm. Defendant Holder ignored Plaintiff's requested and aimed his service firearm at Plaintiff throughout their contact. Plaintiff ended his conversation with Sergeant Beck. Sergeant Beck did not arrest Plaintiff and did not cite Plaintiff for any law violations at the end of their contact on February 16, 2013.

12.

On March 17, 2013 Defendant Gardner executed a traffic stop on Plaintiff. Defendant Gardner claimed Plaintiff was traveling in excess of the posted speed limit. Defendant Gardner

COMPLAINT – DEMAND FOR A JURY TRIAL
Page | 4
SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

COMPLAINT – DEMAND FOR A JURY TRIAL
Page | 4
SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

then asked Plaintiff to participate in field sobriety tests to determine if Plaintiff was under the influence of alcohol while operating his motor vehicle. Plaintiff agreed to participate in the field sobriety tests. Defendant Gardner conducted the Horizontal Gaze Nystagmus (HGN) and determined that Plaintiff was not under the influence and not in violation of any laws. There is sufficient information and belief to allege that Defendant Gardner began to tell Plaintiff he was free to go, when Defendant Holder intervened.

13.

Defendant Holder arrived at some point after Defendant Gardner stopped Plaintiff. Defendant Holder stayed on the scene and served as Defendant Gardner's cover officer. There is sufficient information and belief to allege that at some point during the traffic stop Defendant Holder and Defendant Gardner discussed Defendant Holder's contact with Plaintiff at the Confluence Festival on or about February 16, 2013.

14.

There is sufficient information and belief to allege, Defendant Holder and Defendant Gardner did not allow Plaintiff to go free after the first HGN test in order to harass and annoy Plaintiff because he instructed Defendant Holder to lower his service weapon and not aim his service weapon at Plaintiff at the Confluence Festival on or about February 16, 2013.

15.

There is sufficient information and belief to allege, Defendant Gardner participated in one or more of the following actions to deprive Plaintiff a video record of the March 17, 2013 traffic stop:

COMPLAINT – DEMAND FOR A JURY TRIAL
P a g e | 5
SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

a. did not properly activate the video surveillance system in his Reedsport Police vehicle;

b. did not activate the video surveillance system to record the entire encounter;

c. did not position himself and Plaintiff to facilitate the video recording of the entire encounter;

d. did not take the proper actions in accordance with Reedsport Police Department policy to properly preserve the video recording of his encounter with Plaintiff on March 17, 2013.

16.

There is sufficient information and belief to allege, Defendant Holder intervened and held Plaintiff at the traffic stop without probable cause Plaintiff committed a crime, but to harass and annoy Plaintiff. Despite Defendant Gardner's determination Plaintiff was safe to drive, Defendant Holder asked Plaintiff if he would consent to further field sobriety tests. Plaintiff did not feel he could refuse the request of Defendant Holder, because of Defendant Holder's previous exhibitions of aggression, and consented to further field sobriety tests.

17.

There is sufficient information and belief to allege, Defendant Holder participated in one or more of the following actions to deprive Plaintiff a video record of the second set of field sobriety tests during the March 17, 2013 traffic stop:

a. did not properly activate the video surveillance system in his Reedsport Police vehicle;

b. did not activate the video surveillance system to record the entire encounter;

COMPLAINT – DEMAND FOR A JURY TRIAL
P a g e | 6
SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

c. did not position himself and Plaintiff to facilitate the video recording of the entire encounter;

d. did not position himself and Plaintiff in front of his Reedsport Police vehicle rather than Defendant Gardner's vehicle;

e. did not take the proper actions in accordance with Reedsport Police Department policy to properly preserve the video recording of his encounter with Plaintiff on March 17, 2013.

18.

There is sufficient information and belief to allege Defendant Holder and Defendant Gardner falsely reported Plaintiff's actions during the second field sobriety tests, arrested, detained and issued Plaintiff criminal citations for Driving Under the Influence of Intoxicants, Reckless Driving and Driving in Excess of the Speed Limit without probable cause and in violation of Plaintiff's constitutional rights.

19.

Upon release, Plaintiff immediately requested an Oregon Department of Motor Vehicle hearing to challenge his Oregon Driver's License suspension associated with Defendant Holder's and Defendant Gardner's unlawful arrest of Plaintiff for Driving Under the Influence of Intoxicants.

20.

Plaintiff, Defendant Gardner, Defendant Holder and Reedsport Police Officer Sergeant Beck participated in the Oregon Department of Motor Vehicles license suspension hearing on April 3rd and April 14th of 2013.

21.

During the hearing Defendant Gardner admitted under oath that:

a. Plaintiff did not exhibit sufficient "clues" during the first HGN test to conclude Plaintiff was driving under the influence of intoxicants;

b. Defendant Gardner thought Plaintiff was safe to drive until Defendant Holder intervened;

c. Defendant Gardner did not witness Plaintiff driving recklessly and only issued Defendant a criminal citation for Reckless Driving because it was the City Attorney's policy regardless of the driving exhibited by the Plaintiff;

d. Defendant Gardner and Defendant Holdner did not provide Plaintiff and Plaintiff's Attorney with the videotape of the March 17, 2013 traffic stop for the Oregon Department of Motor Vehicle training, despite Plaintiff's Attorney request for all relevant evidence.

e. During the March 17, 2013 traffic stop, Defendant Gardner and Defendant Holder discussed Defendant Holder's contact with Plaintiff at the Confluence Festival on February 16, 2013.

22.

During the hearing Defendant Holder was asked repeatedly about his contact with Plaintiff at the Confluence Festival on February 16, 2013. Defendant Holder repeatedly refused to answer questions about his contact with Plaintiff at the Confluence Festival and deliberately would not address whether he holds any personal animosity or bias toward the Plaintiff.

///

COMPLAINT – DEMAND FOR A JURY TRIAL

P a g e | 8

SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

23.

On or about May 1, 2013 Administrative Law Judge Cheryl A. Buckley of the Oregon Office of Administrative Hearings found that:

a. Defendant Gardner did not have probable cause to detain or arrest Plaintiff;

b. Defendant Gardner did not have a subjective belief Plaintiff was Driving Under the Influence after Defendant Gardner completed the HGN test.

c. Officer Holder's did not have a subjective belief that Plaintiff committed a crime when Defendant Holder requested Defendant submit to further field sobriety tests after Defendant Gardner determined Plaintiff was not under the influence of intoxicants.

24.

On or about May 9, 2013 the City Prosecutor for the City of Reedsport, Amy Muenchrath, dismissed the Driving Under of the Influence of Intoxicants and Reckless Driving charges "in the interest of justice."

25.

On or about July 3, 2013 Plaintiff appeared in a court of law and disputed Defendant Gardner's issuance of a citation for driving in excess of the speed limit on March 17, 2013. Defendant Gardner and Defendant Fauve were present in the courtroom. After hearing testimony and argument from Defendant Gardner and Plaintiff, the presiding authority dismissed the citation Defendant Gardner issued to Plaintiff for driving in excess of the speed limit on March 17, 2013.

///

COMPLAINT – DEMAND FOR A JURY TRIAL

P a g e | 9

SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

26.

On September 12, 2013 Plaintiff, through counsel, sent a Tort Claim Notice to the City of Reedsport pursuant to ORS 30.275.

27.

On or about January 20, 2014, Plaintiff requested emergency services through the local 911 services. Plaintiff was hosting a small dinner party with a friend, when a local mentally ill woman entered his home, ingested alcohol and became physically violent.

28.

Douglas County Deputy Lohf responded to Plaintiff's call for emergency services on January 20, 2014. Deputy Lohf entered Plaintiff's home and found Plaintiff physically restraining an out of control and violent woman. Deputy Lohf knew the woman from previous contacts. Deputy Lohf took control of the woman, handcuffed her and Plaintiff moved to the opposite side of the room.

29.

Defendant Fauver arrived after Deputy Lohf had the woman in custody. Deputy Lohf informed Defendant Fauver the situation was under control. Despite Deputy Lohf's instruction, Defendant Fauver entered the room and without provocation tackled Plaintiff. Defendant Fauver then rammed his knee into Plaintiff's groin, grabbed Plaintiff's arm and began to twist Plaintiff's arm. Both Plaintiff's house guest Tina Logowski and Deputy Lohf repeatedly told Defendant Fauver that Plaintiff was the victim in the incident and the situation was under control. Deputy Lohf eventually intervened and pulled Defendant Fauver away from Plaintiff.
///

30.

Plaintiff immediately felt pain emanating from his lower back, had trouble sleeping that evening and needed to ingest ibuprofen to find relief. On or about January 23, 2014 Plaintiff visited the Emergency Room located at the Lower Umpqua Hospital. The treating professional diagnosed Plaintiff with Epididymitis caused by sudden blunt force trauma.

31.

There is sufficient information and belief to allege Deputy Lohf did not document Defendant Fauver's assault of Plaintiff on January 21, 2014 in violation of Douglas County Policies and Procedures.

32.

There is sufficient information and belief to allege Defendant Fauver did not author an incident report related to the January 21, 2014 incident in violation of Reedsport Police Department's Policies and Procedures.

**CLAIMS FOR RELIEF**

33.

Plaintiff brings claims under 42 USC § 1983, for violations of his Fourth Amendment rights including: excessive force resulting in injury and; unreasonable seizure/detainment lacking in probable cause.

34.

Plaintiff seeks an award of economic damages, non-economic damages, punitive damages where appropriate, attorney fees and litigation expenses/costs against defendants.

COMPLAINT – DEMAND FOR A JURY TRIAL

P a g e | 11

SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

## FIRST CLAIM FOR RELIEF
### (Violation of Fourth Amendment – Unreasonable Arrest)
### (42 U.S.C. § 1983 — Defendant Holder and Defendant Gardner)
### (March 17, 2013)

35.

Paragraphs 1 through 34 are incorporated by reference herein.

36.

By their actions as described herein, Defendants Holder and Gardner, under color of statute, ordinance, regulation, custom, or usage, subjected Plaintiff to deprivation of rights, privileges, or immunities secured by the Constitution and laws; namely, Plaintiff's right to freedom from unreasonable search and seizure of his person without probable cause, a warrant, or consent. Defendants Holder and Gardner executed a traffic stop, conducted a search, conducted field sobriety tests, and detained Plaintiff without probable cause.

37.

The actions of Defendants Holder and Gardner, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Plaintiff. As a result of said intentional conduct, Plaintiff is entitled to punitive damages against Defendants Holder and Gardner, in their individual capacity, in an amount sufficient to punish them and to deter others from like conduct.

38.

Defendants Holder and Gardner violated rights held by Plaintiff which were clearly established, and no reasonable official similarly situated to the individual defendants could have believed that their conduct was lawful or within the bounds of reasonable discretion.

SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

Defendants Holder and Gardner therefore lack qualified or statutory immunity from suit or liability.

39.

As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages, including attorney fees and legal expenses; physical injury; pain and suffering; injury, loss of liberty; mental and emotional suffering; worry; fear; anguish; shock; anxiety; nervousness; chronic stress; depression; and is entitled to all of his damages in an amount to be ascertained according to proof at trial.

40.

As a direct and proximate result of Defendants' conduct, Plaintiff was required to seek medical services and treatment for his injuries in an amount to be determined at trial, and will, in the future, be compelled to incur additional medical expenses and loss of wages for medical treatment including.

41.

Plaintiff was required to hire attorneys to represent him in this matter and is thus entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**SECONF CLAIM FOR RELIEF**
(Violation of 42 U.S.C. §1983; *Monell; Adickes* – Municipal Liability)
(March 17, 2013)

42.

Paragraphs 1 through 41 are incorporated by reference herein.

///

///

COMPLAINT – DEMAND FOR A JURY TRIAL
P a g e | 13
SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

43.

On information and belief, Reedsport Police Officers have made other similar false arrests, and The City has expressly encouraged or acquiesced in this unlawful behavior, has ratified said conduct through the internal affairs process, and/or tacitly encouraged or acquiesced in it by failing to train, supervise, or discipline its officers, thus evincing deliberate indifference to Plaintiff's constitutional rights, sufficient to support a verdict that The City's policy, custom, or practice caused the false and excessively forceful arrest of Plaintiff and subsequent prosecution of Plaintiff.

44.

It was the policy and/or custom of the City of Reedsport to inadequately supervise and train its officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers, the City of Reedsport did not require appropriate in-service training or re-training of officers regarding the proper circumstances under which they can arrest and detain a person suspected of driving under the influence of intoxicants.

45.

As described above and at least in part, one or more of the City of Reedsport's policies, official well-established practices or acts caused the violation of Plaintiff's right not to be subjected to excessive physical force and his resulting injuries, as guaranteed by the Fourth Amendment to the United States Constitution.

COMPLAINT – DEMAND FOR A JURY TRIAL
P a g e | 14

SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

46.

The City is liable for the unconstitutional policy, custom, and/or practice of failing to train, supervise, investigate and/or discipline officers regarding constitutional rights of citizens to be free from unlawful and unreasonable searches and seizures including the right to be free from excessive physical force as guaranteed by the Fourth Amendment to the United States Constitution.

47.

As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages, including attorney fees and legal expenses; physical injury; pain and suffering; chronic back pain and injury, loss of liberty; mental and emotional suffering; worry; fear; anguish; shock; anxiety; nervousness; chronic stress; depression; and loss of ability to fully perform certain job duties; loss of ability to enjoy certain recreational and leisure activities; loss of ability enjoy a variety of activities with family members and friends; and is entitled to all of his damages in an amount to be ascertained according to proof at trial.

48.

As a direct and proximate result of Defendants' conduct, Plaintiff was required to seek medical services and treatment for his injuries in an amount to be determined at trial, and will, in the future, be compelled to incur additional medical expenses and loss of wages for medical treatment including, but not limited to expenses incurred for invasive back surgery.

SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

49.

Plaintiff was required to hire attorneys to represent him in this matter and is thus entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**THIRD CLAIM FOR RELIEF**
**(Violation of Fourth Amendment – Excessive Use of Force)**
**(42 U.S.C. § 1983 – Defendant Fauver)**
**(January 20, 2014)**

50.

Paragraphs 1 through 49 are incorporated herein by reference.

51.

By their actions as described herein, Defendant Fauver, under color of statute, ordinance, regulation, custom, or usage, subjected Plaintiff to the deprivation of his rights, privileges, and immunities secured by the Constitution and laws; namely, Plaintiff's right to freedom from unreasonable search and seizure and by the use of excessive force.

52.

The actions of Defendant Fauver, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Plaintiff. As a result of said intentional conduct, Plaintiff is entitled to punitive damages against Defendant Fauver, in his individual capacity, in an amount sufficient to punish him and to deter others from like conduct.

53.

Defendant Fauver violated rights held by Plaintiff which were clearly established, and no reasonable official similarly situated to the individual defendant could have believed that his

COMPLAINT – DEMAND FOR A JURY TRIAL
P a g e | **16**

SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

conduct was lawful or within the bounds of reasonable discretion. Defendant Fauver therefore does not have qualified or statutory immunity from suit or liability.

54.

As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages, including attorney fees and legal expenses; physical injury; pain and suffering; loss of liberty; mental and emotional suffering; worry; fear; anguish; shock; anxiety; nervousness; chronic stress; depression; and is entitled to all to his damages in an amount to be ascertained according to proof at trial.

55.

As a direct and proximate result of Defendant's conduct, Plaintiff was required to seek medical services and treatment in an amount to be determined at trial, and will, in the future, be compelled to incur additional medical expenses.

56.

Plaintiff was required to hire attorneys to represent him in this matter and is thus entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**FOURTH CLAIM FOR RELIEF**
**(Violation of 42 U.S.C. §1983; *Monell; Adickes* – Municipal Liability)**
**(January 20, 2014)**

57.

Paragraphs 1 through 56 are incorporated by reference herein.

58.

On information and belief, Reedsport Police Officers have made other similar acts of excessive force, and The City has expressly encouraged or acquiesced in this unlawful

COMPLAINT – DEMAND FOR A JURY TRIAL
P a g e | 17

SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

behavior, has ratified said conduct through the internal affairs process, and/or tacitly encouraged or acquiesced in it by failing to train, supervise, or discipline its officers, thus evincing deliberate indifference to Plaintiff's constitutional rights, sufficient to support a verdict that The City's policy, custom, or practice caused the false and excessively forceful arrest of Plaintiff and subsequent prosecution of Plaintiff.

59.

It was the policy and/or custom of the City of Reedsport to inadequately supervise and train its officers, including the defendant officer, thereby failing to adequately discourage further constitutional violations on the part of its officers, the City of Reedsport did not require appropriate in-service training or re-training of officers regarding the proper circumstances to use physical force.

60.

As described above and at least in part, one or more of the City of Reedsport's policies, official well-established practices or acts caused the violation of Plaintiff's right not to be subjected to excessive physical force and his resulting injuries, as guaranteed by the Fourth Amendment to the United States Constitution.

61.

The City is liable for the unconstitutional policy, custom, and/or practice of failing to train, supervise, investigate and/or discipline officers regarding constitutional rights of citizens to be free from unlawful and unreasonable searches and seizures including the right to be free from excessive physical force as guaranteed by the Fourth Amendment to the United States Constitution

COMPLAINT – DEMAND FOR A JURY TRIAL
SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

62.

As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages, including attorney fees and legal expenses; physical injury; pain and suffering; chronic back pain and injury, loss of liberty; mental and emotional suffering; worry; fear; anguish; shock; anxiety; nervousness; chronic stress; depression; and loss of ability to fully perform certain job duties; loss of ability to enjoy certain recreational and leisure activities; loss of ability enjoy a variety of activities with family members and friends; and is entitled to all of his damages in an amount to be ascertained according to proof at trial.

63.

As a direct and proximate result of Defendant's conduct, Plaintiff was required to seek medical services and treatment for his injuries in an amount to be determined at trial, and will, in the future, be compelled to incur additional medical expenses and loss of wages for medical treatment including, but not limited to expenses incurred for invasive back surgery.

64.

Plaintiff was required to hire attorneys to represent him in this matter and is thus entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that the Court:

    a. Award Plaintiff compensatory damages in an amount to be ascertained according to proof;

COMPLAINT – DEMAND FOR A JURY TRIAL
P a g e | 19
SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453

b. Award punitive damages against Defendants Holder, Gardner and Fauver in their individual capacities, in an amount sufficient to punish them and deter others from like conduct;

c. Award punitive damages against Defendant City of Reedsport in an amount sufficient to punish them and deter others from like conduct;

d. Award Plaintiff his reasonable attorney's fees and costs; and

e. Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated this 19th day of February, 2015.

*Sean J. Riddell*
Sean J. Riddell; OSB #013943
Attorney for Plaintiff

COMPLAINT – DEMAND FOR A JURY TRIAL
P a g e | **20**

SEAN RIDDELL
1300 SE STARK ST. SUITE 208
PORTLAND, OR 97214
971.219.8453