*Shubin v. Holder et al.*, 15-cv-289

## JURY INSTRUCTIONS

**Introduction**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I have said or done as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

*Shubin v. Holder et al.*, 15-cv-289

**Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**What is Evidence**

The evidence you are to consider in deciding this case consists of:

1. The sworn testimony of any witness;

2. The exhibits which are received into evidence; and

3. Any facts to which the lawyers have agreed.

*Shubin v. Holder et al.*, 15-cv-289

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

*Shubin v. Holder et al.*, 15-cv-289

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question may be answered or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case or any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Use of Depositions**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as any other testimony.

**Testimony of Police Officers/Witnesses**

      The testimony of a law enforcement officer should be considered by you just as any other evidence in this case and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness.

*Shubin v. Holder et al.*, 15-cv-289

**Expert Opinion**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Expert opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Unreasonable Arrest Claim**

In order to prevail on his unreasonable arrest claim against Defendants Jon Holder and Aaron Gardner, Plaintiff Michael Shubin must prove each of the following elements by a preponderance of the evidence:

1.      The Defendants acted under color of law;

2.      The acts of the Defendants deprived Plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties do not dispute that all defendants were "acting under color of law."

If you find the Plaintiff has proven each of these elements, and if you find that Plaintiff has proven all the elements he is required to prove under the Arrest Without Probable Cause and Excessive Force Violation instructions, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendants.

**Causation**

In order to establish that the acts of Defendants deprived Plaintiff of his particular rights under the Fourth Amendment to the United States Constitution, Plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

**Fourth Amendment: Arrest Without Probable Cause Claim**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under Oregon law, it is a crime to operate a motor vehicle while under the influence of intoxicants. Oregon Revised Statute 813.010 provides, in pertinent part:

1. A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

    a. Has 0.08 percent or more by weight of alcohol in the blood of the person, as shown by chemical analysis of the breath or blood of the person;

    b. Is under the influence of intoxicating liquor, a controlled substance or an inhalant; or

    c. Is under the influence of any combination of intoxicating liquor, an inhalant and a controlled substance.

Under the influence of intoxicating liquor means that plaintiff's physical or mental facilities were adversely affected by the use of intoxicating liquor to a noticeable or perceptible degree.

**Fourth Amendment: Arrest Without Probable Cause Claim – Outcome of Charges**

You are advised that conviction of the crime for which plaintiff was arrested plays no role in your decision on probable cause. That is, the existence of probable cause depends upon a probability, rather than a certainty, that criminal activity has occurred and the outcome of such arrest does not require an ultimate finding of guilt. Probable cause only requires a substantial chance of a violation and not proof beyond a reasonable doubt.

A police officer needs only "a fair probability" that the suspect has committed a crime in order to make an arrest.

*Shubin v. Holder et al.*, 15-cv-289

**Fourth Amendment: Arrest Without Probable Cause Claim – Officer Not Required to Issue Citation**

      An officer who has probable cause to believe that an individual has committed even a very minor criminal offense in his presence may, without violating the Fourth Amendment, arrest an offender. That is, the officer is not required to balance the costs and benefits of issuing a citation or determining whether or not an arrest is in some sense necessary under the circumstances.

**Fourth Amendment: Excessive Force Violation Claim**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself. Thus, in order to prove an unreasonable seizure in this case, Plaintiff must prove by a preponderance of the evidence that Defendant Fauver used excessive force during his response to a domestic disturbance and the resulting physical contact with Plaintiff.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Reasonableness considerations must account for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force necessary in a particular situation.

In determining whether Defendant Fauver used excessive force in this case, consider all of the circumstances known to him on the scene, including:

1. The severity of the crime or other circumstances to which the officer was responding;

2. Whether Plaintiff posed an immediate threat to the safety of the officer or to others;

3. Whether Plaintiff was actively interfering;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used; and

6. The availability of alternative methods to subdue Plaintiff.

The existence of a less forceful alternative, if any, does not necessarily make a police officer's use of force unreasonable. It is simply one factor that you may consider in deciding what force, if any, a reasonable police officer might have used under the circumstances.

**Fourth Amendment: Excessive Force Violation Claim – The Least Intrusive Means**

Your inquiry must be from the perspective of a reasonable police officer on the scene and whether the actions taken were reasonable, not whether Officer Fauver had less intrusive alternatives available to him. A reasonable officer is not required to avail himself of the least intrusive means of responding to a situation, but only needs to act within that range of the conduct that we identify as reasonable.

**Damages – Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on either of his claims, you must determine his damages. Mr. Shubin has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Mr. Shubin for any injury you find was caused by the Defendants. You should consider the following:

1. The nature and extent of the injuries;

2. The mental, physical, emotional pain and suffering experienced; and

3. The reasonable value of necessary medical care, treatment, and services rendered to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

**Damages — Economic**

Economic damages are the objectively verifiable monetary losses that the plaintiff has incurred or will probably incur. In determining the amount of economic damages, if any, consider:

The reasonable value of necessary medical and other healthcare services for treatment of the plaintiff, as well as any other economic loss including loss of value to property.

*Shubin v. Holder et al.*, 15-cv-289

**Damages — Noneconomic**

Noneconomic damages are the subjective, nonmonetary losses that Plaintiff has sustained.

The law does not furnish you with any fixed standard by which to measure the exact amount of noneconomic damages. However, the law requires that all damages awarded be reasonable. You must apply your own considered judgment, therefore, to determine the amount of noneconomic damages.

In determining the amount of noneconomic damages, if any, consider each of the following:

(1) The pain, mental suffering and/or emotional distress that the plaintiff has sustained from the time he was injured until the present;

(2) Any inconvenience and interference with the plaintiff's normal and usual activities apart from activities in a gainful occupation that you find have been sustained from the time he was injured until the present.

*Shubin v. Holder et al.*, 15-cv-289

**Nominal Damages**

The law that applies to this case authorizes an award of nominal damages. If you find in favor of the Plaintiff but you find that the Plaintiff failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

*Shubin v. Holder et al.*, 15-cv-289

**Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Communication with Court**

      If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the bailiff that you are ready to return to the courtroom.