IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHAEL SHUBIN**,

    Plaintiff,

v.

**JOHN HOLDER** et al.,

    Defendants.

Case No. 6:15-cv-289-mc ~~6:14-cv-00907-MC~~

OPINION AND ORDER

**MCSHANE, Judge**:

Defendants submitted a Bill of Costs, ECF No. 54, seeking witness and transcript costs amounting to $2,281.69 under 28 U.S.C. § 1920. In response, plaintiff contends that transcript costs should be reduced because five of them were not necessarily obtained for use in the case. *See* Pl.'s Obj. to Bill of Costs 2–4, ECF No. 57. For the reasons set forth below, defendants' Bill of Costs, ECF No. 54, is GRANTED.

1 – OPINION AND ORDER

Federal Rule of Civil Procedure 54 provides that, in general, costs should be awarded to the prevailing party in a civil action. The general cost statute, 28 U.S.C. § 1920,[1] defines the term 'costs' as used in Rule 54(d)." *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 957 (9th Cir. 2013) (citations omitted); *see also Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003) (noting that "there is a strong presumption in favor of awarding costs to the prevailing party" (citation omitted)).

A. **Transcript Fees**

Plaintiff contends that defendants' sought costs for five transcripts, amounting to $695.74, should be reduced because those transcripts were not "necessarily obtained for use in the case." Pls.' Obj. to Bill of Costs 2–3, ECF No. 54. The gravamen of this objection is that defendants' costs should be limited to those deposition transcripts actually introduced during dispositive motions or used for impeachment at trial. "This argument is not well taken. In general, the mere fact that items are neither introduced into evidence nor otherwise become part of the official court record is not determinative of whether that item was reasonably or necessarily obtained for use in the case." *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995); *see Michaels v. Taco Bell Corp.*, Civ. No. 3:10–cv–1051–AC, 2013 WL 5206347, at *3 (D. Or. Sept. 13, 2013) ("[A] deposition need not be introduced into evidence to be necessary for trial."); *see also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (noting that 28 U.S.C. § 1920(4) "does not specifically require that

---

[1] 28 U.S.C. § 1920 provides that a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

2 – OPINION AND ORDER

the copied document be introduced in the record to be an allowable cost" (citations omitted)). "Indeed, in those instances when courts have prohibited the recovery of deposition costs, the prohibition has customarily been predicated on a finding that the deposition was purely investigative in nature or solely for the convenience of counsel." *Frederick*, 162 F.R.D. at 143 (citations omitted).

Defendants seek costs for the following depositions: Tina Slogowski, Aaron Gardner, Ryan Fauver, Tom Beck, and Jon Holder. *See* Defs.' Bill of Costs 1, ECF No. 54. Plaintiff indicated, in a witness list submitted on March 30, 2016, that he intended to call all of these witnesses to testify at trial. *See* Pl.'s Witness List, ECF No. 13.[2] These deposition transcripts were necessarily obtained for trial purposes, e.g., cross-examination and related witness rehabilitation. *See Waggoner v. City of Cottage Grove*, Civ. No. 6:13–cv–00040–TC, at 4 (D. Or. July 25, 2014) (awarding deposition transcript costs where the "testimony was important for cross-examination and related witness rehabilitation").

### B. Witness Fees

Plaintiff next argues that witness fees for two witnesses, Officer Terry Lohf and retired City Council volunteer Rich Patten, totaling $437.36, should be denied because defendants failed to "address substantive standards for recovery of witness fees for any of the two witnesses . . . ." Pls.' Obj. to Bill of Costs 3–4, ECF No. 54. Plaintiff's contentions appear to rely on the $40 per day maximum witness fee set forth in 28 U.S.C. § 1821(b), with which defendants' bill of costs complies. *See* Defs.' Bill of Costs 2, ECF No. 54. Where the costs exceed the allowable $40 per day maximum are mileage costs, which amounted to $357.26. Travel and subsistence for

---

[2] Plaintiff reported that each of these intended witnesses would testify "consistent with deposition . . ." *See* Pl.'s Witness List, ECF No. 13.

3 – OPINION AND ORDER

government employees who testify at trial, is an allowable cost." *U.S. v. Metropolitan Disposal Corp.*, 622 F. Supp. 1262, 1267 (D. Or. 1985). Even for non-government witnesses, mileage is typically recoverable by a prevailing party. *See Wilson v. Lane Cty. Sheriff's Office*, 2015 WL 1058804 at *1 (D. Or. Mar. 6, 2015).

## CONCLUSION

For these reasons, defendants' Bill of Costs, ECF No. 54, is GRANTED. Defendants are awarded costs in the amount of $2,281.69.

IT IS SO ORDERED.

DATED this 2 day of June, 2016.

_____
Michael J. McShane
United States District Judge

4 – OPINION AND ORDER